IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANT LEE and JUANITA GASTON, : | |
| : | CIVIL ACTION |
| *Plaintiffs/Appellants*, : | |
| : | |
| v. : | |
| : | NO. 22-1233 |
| 6209 MARKET STREET, LLC, *et al.* : | |
| : | |
| *Defendants/Appellees*. : | |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                                                                                               **July 10, 2023**

Appellants Debtor Bryant Lee and his common law wife, Juanita Gaston (collectively, "Appellants") appeal from the United States Bankruptcy Court's grant of summary judgment against them. The bankruptcy litigation involved an adversary proceeding where Appellants sought, in part, to recover title to two properties at 6205 and 6207 Market Street in Philadelphia, PA (the "Properties") from an entity known as 6209 Market Street, LLC ("6209 Market"), which purchased the Properties at a Sheriff's Sale. The primary question before the Bankruptcy Court was whether a forged deed improperly transferring title to property voids a separate Sheriff's Sale of that property effectuated pursuant to an action *in rem* for unpaid municipal taxes.

The Bankruptcy Court found that the alleged forgery had no effect on the validity of the Sheriff's Sale and declined to quiet 6209 Market's title to the Properties. Appellants now appeal from that ruling. For the following reasons, I will affirm the decision of the Bankruptcy Court.

I.  **FACTUAL BACKGROUND**

   A.  <u>**Facts Related to the Adversary Proceeding**</u>

The Bankruptcy Court set forth the following statement of material facts, which was undisputed by the parties:

> Plaintiffs [Appellants Lee and Gaston] purchased the Properties in 1998. The property at 6205 Market Street is a vacant lot, and the property at 6207 Market Street is a three-story mixed-use building with a storefront on the first floor and residential space on the second and third floors.
>
> Plaintiffs operated a food and entertainment business at 6207 Market Street and rented out the upstairs apartments from 2000 until 2003. Plaintiffs closed the business following the murder of Plaintiff's son at 6207 Market Street in 2003. After the then-extant leases expired, Plaintiffs also stopped renting the upstairs apartments. Both the store and apartments at 6207 Market Street sat vacant for more than a decade.
>
> Other than taxes paid at closing in 1998, the Plaintiffs have never paid any property taxes on the Properties.
>
> By deed dated May 1, 2009 and recorded on June 30, 2009, title to the Properties was transferred from the Plaintiffs to named defendant Neeko Gumby. The Philadelphia Real Estate Transfer Tax Certification for this transfer contains a statement—purportedly signed by Plaintiffs—indicating that Neeko Gumby is the Plaintiff's grandson.
>
> In or around January 2014, pursuant to Pennsylvania's Municipal Claims and Tax Liens Act ("MCTLA"), 53 P.S. §7101 et seq., the City of Philadelphia filed claims against the 6207 Market Street property resulting from non-payment of real estate taxes. Delinquent taxes at that time totaled $13,942.97. Pursuant to 53 P.S. §7283(a), the City of Philadelphia subsequently filed a petition in the Court of Common Pleas seeking to have 6207 Market Street sold free and clear of all interests. This petition named interested respondents as including Neeko Gumby (the then-present record owner of 6207 Market Street) and any current occupant/tenants. The Plaintiffs do not appear on the list of respondents upon which the petition asked the court to issue a rule to show cause why the property should not be sold clear of all interests.

> On September 10, 2014, the Court of Common Pleas entered a Decree finding that service had been provided consistent with the MCTLA and authorizing the sheriff's sale of 6207 Market Street. The sheriff's sale occurred on April 21, 2015. Defendant [Appellee 6209 Market Street] bid on and purchased the property for $30,500.00. The sheriff acknowledged the deed on June 3, 2015.
>
> The City of Philadelphia employed the same MCTLA process against 6205 Market Street in November 2016 for unpaid real estate taxes totaling $2,940.23. Once again, the City of Philadelphia identified Neeko Gumby as the record owner and included him in the list of respondents who should receive notice of the foreclosure proceeding. The City of Philadelphia did not identify Plaintiffs as parties to receive such notice.
>
> The Court of Common Pleas issued a Decree finding service in this execution proceeding to comply with the MCTLA and authorizing the sale on January 18, 2017. The sheriff sale of 6205 Market Street occurred on May 18, 2017, and Defendant bid on and purchased this property for $6,200.00. The sheriff acknowledged the deed on May 24, 2017.
>
> After the sheriff's sale of 6207 Market Street had been recorded in June 2015, Defendant began some repairs to the property. These repairs continued through January 2019.
>
> Plaintiffs have alleged that they first learned that someone had been working on the Properties in or around April 2018. In response, Plaintiff-Debtor contacted his attorney and the City of Philadelphia Department of Records, eventually learning that the Properties had been transferred to Neeko Gumby and subsequently sold at tax sales.
>
> On May 9, 2018, Plaintiff-Debtor filed a petition for chapter 13 bankruptcy, listing the Properties on Schedule A as real estate he owned. The Plaintiffs filed the Complaint initiating the present adversary proceeding on March 12, 2020.

<u>In re. Bryant Lee</u>, No. 18-br-131808, 20-adv-110, Doc. No. 125 (Bankr. E.D. Pa. March 15, 2022).

    B.    **<u>Procedural History</u>**

On March 12, 2020, Appellants initiated adversary proceedings in bankruptcy against ten defendants: Dan A.M. Acheck, Adnan Acheck, Nekoo Gumby a/k/a Neeko Gumby, Pamela Wood

3

– Notary Public, Bey Brown Wood Paralegal Community Services, ABC [unknown] Corporation/LLC, Goehring Rutter & Boehm a/k/a GRB Law, Jewell Williams – Sheriff of Philadelphia County, and the City of Philadelphia. Appellants sought to recover title to the Properties, and the Complaint set forth five counts: (a) forgery and a scheme among defendants to divest Appellants of title to the Property (Counts I and II); (b) avoidance of the 2009 transfer under 11 U.S.C. § 362(a)(3) and § 549 (Count III); (c) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count IV), and (d) a request for damages due to 6209 Market's refusal to return title to Appellants (Count V).

Following initial rounds of motions to dismiss, the Bankruptcy Court dismissed Counts II, III, IV, and V as to all moving defendants, and Count I as to all moving defendants except for 6209 Market. Appellants then filed an Amended Complaint setting forth two counts: (1) a quiet title action, alleging that any transfer of title to the Property after the original 2009 fraudulent transfer was void, and seeking restoration of the title and damages, and (2) violation of the automatic stay provision of 11 U.S.C. § 362(a)(3).

6209 Market, Adnan Achek, Dan Achek, GRB Law, Sheriff Williams, and the City of Philadelphia all filed motions to dismiss, to which Appellants did not respond. The Bankruptcy Court dismissed with prejudice all counts as to Adnan Achek, Dan Achek, GRB Law, Sheriff Williams, and the City of Philadelphia. As to 6209 Market, the Court dismissed with prejudice Count II, but denied the motion as to Count I.

On June 17, 2021, following discovery, 6209 Market moved for summary judgment. On March 15, 2022, the Bankruptcy Court granted that motion.

## II. STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees," and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3).

In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992). A bankruptcy court's exercise of discretion is reviewed for abuse. In re Friedman's Inc., 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. In re O'Brien Envt'l Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999).

## III. DISCUSSION

Appellants raise seven issues on appeal: (1) whether the Bankruptcy Court erred in failing to apply controlling Pennsylvania law to void the Sheriff's Tax Sales of the Appellants' real properties; (2) whether the Bankruptcy Court erred by ignoring the law of the case doctrine; (3) whether the Bankruptcy Court erred in failing to allow the case to proceed to trial; (4) whether the Bankruptcy Court erred by dismissing Appellants' claims against the City of Philadelphia and Sheriff Jewell Williams; (5) whether the Bankruptcy Court abused its discretion in denying Appellants the opportunity to file responses with respect to discovery issues; (6) whether the Bankruptcy Court abused its discretion in denying Appellants the right to seek an order compelling

discovery given 6209 Market's gross failure to adequately respond to Appellants' discovery requests; and (7) whether the Bankruptcy Court's grant of summary judgment denied Appellants due process.

### A. Whether the Bankruptcy Court Erred in Not Voiding the Sheriff's Tax Sales (Issues 1–3 and 7)

As Appellants concede, the gist of their appeal asserts that the Bankruptcy Court's grant of summary judgment directly contravened the law set forth by the Pennsylvania Supreme Court in Harris v. Harris, 239 A.2d 783 (Pa. 1968). According to Appellants, Harris holds that a forged deed does not convey title whatsoever to a subsequent purchaser, regardless of whether that subsequent purchaser is a *bona fide* purchaser for value without notice. Appellants go on to argue that, under this law, the fraudulent transfer by forged deed from Appellants to Neeko Gumby voided the subsequent transfer of the Properties to 6209 Market as a *bona fide* purchaser at a Sheriff's Sale. The Bankruptcy Court determined that Harris was inapplicable because the foreclosure and execution sales of the Properties at issue were not based on the allegedly void interest. Upon review, I agree with the Bankruptcy Court.

In Harris, the First Pennsylvania Banking & Trust Co. confessed judgment against appellant and her husband on a judgment note apparently signed by both of them. Id. at 784. Execution proceedings were then commenced against premises owned by appellant and her husband as tenants by the entireties. Id. The appellee purchased the premises at a Sheriff's Sale. Id. Upon learning that the premises had been sold, appellant filed a petition to reopen the judgment alleging that her signature on the judgment note was a forgery. Id. Appellant then instituted an action seeking to set aside the Sheriff's Sale. Id. The state court dismissed the action, and the appellant filed an appeal. Id.

6

The Pennsylvania Supreme Court framed the issue on appeal as "whether an execution sale on a judgment procured as a result of a forged signature on a judgment note passes good title to property sold thereunder to a bona fide purchaser for value." Id. It noted that,

> Whether title will pass at an execution sale depends upon the validity of the underlying judgment. If the execution sale was based upon a voidable judgment, a bona fide purchaser will be protected against actions seeking to recover the purchased property. On the other hand, where a void judgment is the basis for the execution sale, one who purchases property will not acquire title even if a bona fide purchaser for value.

Id. The Court then considered whether a judgment which has been procured by a forged signature on a judgment note is void or voidable. Id. It concluded that "a forged, fraudulent and spurious instrument is not binding on any person and is wholly inoperative to transfer any title or right to property whether the holder is an innocent or guilty purchaser." Id. Thus, "a judgment entered on a forged judgment note is likewise completely null and void." Id. at 785. In turn, "[s]ince an execution sale based upon a void judgment is itself void, title will not pass to any purchaser, innocent or otherwise." Id.

Here, I agree with the Bankruptcy Court, which found that the facts at issue do not fit within the confines of Harris. Even if the Properties were fraudulently passed through a forged deed, the City of Philadelphia's underlying judgment against the Properties was not premised on that fraud. Rather, in January 2014 and November 2016, the City of Philadelphia filed *in rem* claims against the Properties themselves pursuant to Pennsylvania's Municipal Claims and Tax Liens Act ("MCTLA"), 53, P.S. § 7101, et seq., due to Appellants' undisputed non-payment of real estate taxes, the amount of which totaled $13,942.97. The Court of Common Pleas then entered decrees authorizing the Sheriff's Sale, which subsequently occurred on April 21, 2015 and May 18, 2017. Thus, unlike Harris, the foreclosure and execution sales did not rest on the alleged invalid interest

of Neeko Gumby, but rather on the valid real estate tax claims that the City of Philadelphia held on the Properties themselves, regardless of who owned them. See City of Philadelphia v. Jones, 221 A.3d 737, 743 (Pa. Cmwlth 2019) ("[T]he purpose of a sheriff's sale under the MCTLA is not to strip the owner of his or her property[,] but to collect municipal claims.") (further quotations and quotation marks omitted). In turn, 6209 Market derived its title from the *in rem* proceedings properly brought by the City of Philadelphia and not from the forged deed to Neeko Gumby.

Appellants set forth several responsive arguments. First, they claim that the law of the case doctrine applies because the Bankruptcy Court originally denied 6209 Market's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and found that Harris was controlling.

But this argument rests on a "critical misapplication of the fundamental distinction between a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment under Rule 56." Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 330 (3d Cir. 2016). Generally, "[u]nder the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages of the same case.'" Am. Civil Liberties Union v. Mukasey, 534 F.3d 181, 187 (3d Cir. 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)) (further citations omitted)). The law of the case doctrine, however, does not preclude a district court from granting summary judgment based on evidence after denying a motion to dismiss based only on the plaintiff's allegations. Harmon v. Sussex Cty., No. 19-3263, 810 F. App'x 139, 141 (3d Cir. Apr. 8, 2020) (quoting Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)). And trial judges may reconsider their own prior decisions, meaning that interlocutory orders remain open to reconsideration and do not constitute the law of the case. U.S. ex rel. Petratos v. Genentech Inc., 855 F.3d 481, 493 (3d Cir. 2017).

These principles are applicable here. In its July 24, 2020 Bench Opinion, the Bankruptcy Court noted that Appellants' quiet title action turned on the Harris decision and found that "in light of the forged deed allegation and the Pennsylvania Supreme Court decision in Harris v. Harris, I am easily satisfied that the plaintiffs have pled enough factual detail to make out a plausible claim for relief." (7/24/2020 Bench Opinion at p.11.) The Bankruptcy Court further remarked that "[i]f the forgery of the deed can be proven, the main issue will be to determine how to apply and the limits of the Pennsylvania Supreme Court's decision" in Harris.

As discovery proceeded and the undisputed facts were developed, it came to light that Harris did not apply because 6209 Market's title to the property did not rest on a forged deed but rather on a tax sale effectuated under the MCTLA. As such, the Bankruptcy Court appropriately recognized that, even assuming the alleged forgery occurred and the recorded transfer of title from Plaintiffs to Neeko Gumby was void, 6209 Market's title was unaffected and Harris was not implicated. Nothing within the law of the case doctrine precludes such a ruling.

Appellants next contend that, even assuming Harris does not apply, they are entitled to set aside the municipal tax sales "since they received absolutely no notice of the Tax Sales due to the recording of the forged deed to Defendant, Neeko Gumby, and the failure of either GRB or the City to serve them with notice of the Tax Sales." (Appellants' Opening Br. 17.) Appellants claim that although they have not included a cause of action to set aside the Tax Sales under the Tax Lien Laws, they will seek leave to amend their underlying Complaint to do so.

Appellants' argument disregards the time limitations set forth in 53 P.S. § 7193.3. That section—entitled "Validity of sale; time for filing contest"—provides that:

> All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of this act, *including the sufficiency of any notice*, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to

9

> overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

Id. (emphasis added).

Here, it is undisputed that the property at 6207 Market Street was sold on April 21, 2015 and acknowledged by the Sheriff on June 3, 2015, and that the property at 6205 Market Street was sold on May 18, 2017 and acknowledged by the Sheriff on May 24, 2017. Thus, Appellants had three months from each of the Sheriff's acknowledgements—September 3, 2015 and August 24, 2017 respectively—to contest the validity of the Sheriff's Sales. There is also no dispute that, in April 2018, Appellants learned that 6209 Market had been doing work on the Properties. Appellant Lee contacted his attorney and the City of Philadelphia Department of Records, eventually learning that the Properties had been transferred to Neeko Gumby and subsequently sold at Sheriff's Sales. Nonetheless, Appellants did not initiate the present adversary proceeding to recover the properties until almost two years later, on March 12, 2020. Accordingly, any challenge to the sales based on insufficient notice would be untimely.

In light of the foregoing, I find no error in the Bankruptcy Court's holding that the sales of the Properties were valid despite the alleged forged deed to Neeko Gumby. Appellants do not dispute that they did not pay property taxes on the Properties. The Bankruptcy Court thus correctly found that the City properly instituted *in rem* proceedings against the Properties and that any ensuing Sheriff's Sales were not impacted by the forged deed.

### B. **Whether the Bankruptcy Court Abused Its Discretion in Denying Plaintiffs an Order Compelling Discovery (Issues 5 and 6)**

Appellants also allege that the Bankruptcy Court failed to permit certain discovery that would have aided in producing evidence showing that some of the Defendants had actual or

constructive notice that the Properties were illegally transferred via a forged deed. Appellants offer little support for this argument.

Decisions by a bankruptcy court regarding the management of discovery are discretionary. Accordingly, such decisions can only be overruled if they constitute an abuse of discretion. In re Mazzocone, 200 B.R. 568, 573 (E.D. 1996). "To find such abuse it is usually necessary to conclude that there has been an interference with a 'substantial right," . . . or that the discovery ruling is 'seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" Public Loan Co. v. Fed. Deposit Ins. Corp., 803 F.2d 82, 86 (3d Cir. 1986) (quoting Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983)).

Here, fact discovery was originally scheduled to proceed from November 18, 2020 to February of 2021. (Nov. 18, 2020 Order.) Discovery was subsequently extended to May 14, 2021, with expert discovery due by June 11, 2021 and dispositive motions due by June 25, 2021. (March 3, 2021 Order.) At no point during that protracted discovery period did Appellants raise any issues with the Defendants' productions.

On June 17, 2021, in accordance with the latest scheduling order, 6209 Market filed a motion for summary judgment. Appellants then filed a "limited response" on July 8, 2021, contending that the Defendants had not adequately responded to discovery requests and seeking a deferral of the dispositive motions until Appellants could file a motion to compel. On July 28, 2021, at the order of the Bankruptcy Court. Appellants filed a statement providing further details regarding the discovery dispute referenced.

In an August 11, 2021 Order, the Bankruptcy Court declined to allow Appellants to file any motion to compel, noting that Appellants were aware, no later than May 26, 2021, that Defendants' discovery responses were, in their view, inadequate. Yet, as noted by the Bankruptcy

Court, Appellants' counsel made no effort to compel discovery. Thereafter, in the July 8th limited responsive brief, Appellants failed to provide a copy of their proposed motion to compel. Ultimately, the Bankruptcy Court determined that "[d]iscovery in this adversary proceeding remains CLOSED and, based on the facts presented by the plaintiff, no motion to compel discovery will be considered by the court on its merits." (Aug. 11, 2021 Order.)

Appellants have offered no basis to challenge the Bankruptcy Court's determination. Indeed, I note that Appellants had ample time to assess the quality of discovery received and pursue the appropriate remedies prior to summary judgment briefing. As the Bankruptcy Court appropriately found that Appellants' failure to timely file a motion to compel foreclosed their discovery challenge, no abuse of discretion exists.

### C. Whether the Bankruptcy Court Erred by Dismissing Appellants' Claims Against the City of Philadelphia and Sheriff Jewell Williams (Issue 4)

Appellants' "Statement of Issues on Appeal" recites as one of the issues, "[w]hether the Bankruptcy Court erred by dismissing the Plaintiffs' claims against Defendants, the City of Philadelphia Defendants, including the Department of Records and Jewell Williams, Sheriff of Philadelphia County at the time that the Sheriff's Tax Sales of the Plaintiffs' real properties located at 6205 and 6207 Market Street, Philadelphia, PA 19139 took place." (Appellants' Opening Br. 10.) Appellants, however, do not develop this issue any further in their Brief. The City of Philadelphia and Sheriff Williams (collectively, the "City Defendants") now contend that this issue has been waived.

Under Federal Rule of Bankruptcy Procedure 8014, an appellant's brief must include, in part:

> **(5)** a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;

>    **(6)** a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;
>
>    **(7)** a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
>
>    **(8)** the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;

Fed. R. Bankr. P. 804(a).

The United States Court of Appeals for the Third Circuit has recognized that "[w]hen the district courts are sitting on appeal, they are entitled to the same full exposition of the parties' contentions that [federal appellate courts] have repeatedly insisted on for ourselves." In re Trans World Airlines, Inc., 145 F.3d 124, 133 (3d Cir. 1998). As such, when an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant is deemed to have abandoned and waived that issue on appeal. Id. (citing Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993)); see also In re Energy Future Holdings Corp., 558 B.R. 684 (D. Del. 2016) (finding issue waived where it was raised in Statement of Issues but not substantively addressed in appellant's opening or reply briefs).

Here, Appellants filed an Amended Complaint on August 17, 2020 naming the City Defendants as parties. The City Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Appellants failed to respond. On October 16, 2020, the Bankruptcy Court granted the motion with prejudice, noting that it had independently evaluated the legal sufficiency of the claims in the Amended Complaint. Appellants did not move for reconsideration.

Following the Bankruptcy Court's March 15, 2022 grant of summary judgment on the remainder of the case, Appellants filed a Notice of Appeal identifying 6209 Market as the only party to the appeal. Six months later—in the face of an Order indicating that the appeal would be dismissed if Appellants did not file the requisite designation of record and statement of issues under Fed. R. Bankr. P. 8009—Appellants filed an Amended Statement of Issues on Appeal, indicating, in part, that the Bankruptcy Court erred when it dismissed the claims against the City Defendants. In their opening appellate brief, however, Appellants provided no further analysis or discussion of that issue. Moreover, although Appellants received an extension of time to file a reply brief, they failed to ever submit one.

In light of that procedural history, and absent any articulated basis for how the Bankruptcy Court erred in dismissing the City Defendants, I will deny this portion of Appellants' appeal.

## IV. CONCLUSION

In light of the foregoing, I find no error in the Bankruptcy Court's rulings below. Accordingly, I will affirm.